SAMUEL S. BEEBE ET AL. V. GEORGE A. LATIMER.

FILED NOVEMBER 23, 1899.     No. 9,026.

1. **Conversion: RIGHTS OF LIENOR.** A person having a contract lien on chattels, coupled with possession, may maintain an action for conversion against the owner of the property who has seized it in violation of the pledgee's rights.

2. **Defective Petition: ANSWER.** A defective or ambiguous petition may be aided and its infirmities cured by the averments of the answer.

3. **Ruling on Motion.** A motion which can not be granted in the form in which it is made is properly denied.

4. **Attorney's Lien: AMOUNT: REMITTITUR.** Evidence examined, and *held* to sustain a finding and judgment in favor of plaintiff for a certain amount

ERROR from the district court of Madison county. Tried below before ROBINSON, J. *Affirmed upon filing of remittitur.*

*A. R. Oleson, Barnes & Tyler* and *Oleson & Oleson,* for plaintiffs in error.

*Isaac Powers* and *George A. Latimer, contra.*

SULLIVAN, J.

This action was brought by George A. Latimer against Samuel S., John L. and Frederick Beebe, on the theory that the defendants had converted to their own use certain property upon which the plaintiff had a contract lien coupled with possession. The district court tried the cause without a jury, found the issues in favor of the plaintiff, and rendered judgment accordingly.

Briefly stated, the events out of which the litigation arose are as follows: Frederick Beebe was the owner of a stock of merchandise in the city of Norfolk, and Mrs. C. M. Jones was the owner of some real estate and other property. Mr. J. J. Jones, acting under a limited agency from his wife, agreed to trade her property for Beebe's stock of goods. In pursuance of this agreement possession of the store and stock was surrendered to Mr. Jones, who immediately turned over to Beebe a deed for the Omaha realty, together with the other property covered by the contract. By the terms of the contract it was further provided that Mrs. Jones should execute to Beebe her promissory notes for the difference between the agreed value of her property and the invoice value of the goods. This agreement Mrs. Jones refused to perform and repudiated at once the entire transaction on the ground that it was not within the limits of her husband's authority. Beebe declining to accept a return of the goods, and, refusing to reconvey the Omaha real estate, an action was commenced in the district court of

Douglas county to cancel the deed from Mrs. Jones and to compel restitution of the other property delivered by her husband in part performance of his contract. While the action was pending, Latimer, who is a lawyer doing business at Norfolk, rendered professional services for Mrs. Jones, and received from her the key to the store in which the goods were kept with assurance that he might retain possession of the property until his bill should be paid. After the Douglas county litigation had been.pending some months a compromise was effected, by the terms of which Beebe agreed to take back the stock of merchandise and surrender to Mrs. Jones all the property obtained in the trade, except the Omaha real estate, which, on account of the incumbrances against it, was considered only of slight value. This agreement was consummated, and Beebe took possession of his goods, disregarding entirely Latimer's alleged lien and possessory right. The plaintiff, contending that all the defendants were participants in the act by which he was dispossessed, has proceeded against them for conversion.

It is quite evident that the validity of Latimer's lien depended on the title of Mrs. Jones. If she had no title, then, of course, he had no lien. The record shows that Jones had authority to make an exchange of his wife's property for Beebe's stock of goods. It also shows that his authority was limited; but there is nothing to indicate that the special limitation, which related to the value of the goods, was known to Beebe. It also appears that Mr. Jones was in possession of the store for several days; that he sold goods in the usual course of business and received the proceeds of the sales. It is not disclosed that the money so received was tendered back at the time of the alleged rescission of the trade, or at any other time. There is evidence to the effect that Beebe was, during a considerable period, holding fast to the property received from Jones, and in other respects conducting himself as though he regarded Mrs. Jones as the

owner of the merchandise. By putting Latimer in possession of the store, and giving him a lien on the stock as security for his claim, Mrs. Jones did an act which indicated that she did not consider the attempted rescission effective. She testified that when the compromise was made she exacted of Beebe a promise to pay all claims against the property. If the trade had been rescinded, and the title to the goods had become again vested in Beebe, or if the title had never passed to Mrs. Jones, why should she trouble herself to make such an agreement? Everything considered, we think the finding of the trial court, that Latimer had a valid lien, is sustained by sufficient evidence; but we think the court erred in awarding him a lien for $100. The value of plaintiff's services, according to the evidence, was $30. His fees for taking depositions amounted to $25. He paid out for the benefit of Mrs. Jones $13, making his entire claim against her $68. Upon this amount he has been paid $5, and there is still due him the sum of $63, with interest thereon at the rate of seven per cent per annum from the date of the conversion, August 8, 1895. Plaintiff claims that he guaranteed the payment of other sums due from Mrs. Jones to persons who had rendered services for her; but if he did so, it is perfectly clear that his contingent liability was not covered by his lien on the property in question.

It is claimed that the petition does not state a cause of action against all the defendants, and that the judgment is, therefore, erroneous. We think the pleadings, construed together, disclose an alleged joint liability; but if we are wrong upon this point, still the judgment is not for that reason subject to reversal, as the parties all joined in the motion for a new trial. A motion which can not be sustained in the form in which it is presented is properly overruled. See *Knight v. Darby*, 55 Nebr., 16; *Cortelyou v. McCarthy*, 53 Nebr., 479; *Minick v. Huff*, 41 Nebr., 516; *Gordon v. Little*, 41 Nebr., 250. If the plaintiff shall, within thirty days from this date, remit from the

judgment the sum of $37 and the interest thereon, the judgment will be affirmed; otherwise it will be reversed.

AFFIRMED CONDITIONALLY.