JOHN S. IMAN, APPELLEE, V. JOHN R. INKSTER ET AL., APPELLANTS.

FILED JANUARY 24, 1912. No. 16,943.

1. **Pleading:** PETITION: AIDER BY ANSWER. A petition omitting material averments is cured by an answer supplying them.

2. **Partnership:** ASSETS: GOOD WILL. The good will of a dissolved partnership is a part of the assets of the firm.

3. ————: SETTLEMENT: OMITTED ITEM: ACTION AT LAW. A partner's share of the value of a single asset not included in the settlement of the partnership affairs, as made by his partners without his knowledge, may be recovered in an action at law.

4. **Trial:** TRIAL TO JURY: PLEADINGS. The trial of an issue of fact to a jury in an action at law should not be abandoned because the pleadings as a whole contain matter relating to an accounting about which there is no dispute between the parties to the suit.

5. **Partnership:** NEGLECT OF PARTNER: FORFEITURE. A partner by merely neglecting his duties to the firm does not thereby forfeit his right to the assets of the partnership, in absence of an agreement to that effect.

6. **Trial:** VERDICT: IMPEACHMENT.  Matters inhering in the verdict of a jury cannot afterward be attacked by affidavits of the jurors.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE.  *Affirmed.*

*McCoy & Olmsted,* for appellants.

*Charles Battelle* and *B. S. Baker, contra.*

ROSE, J.

This is an action at law to recover from John R. Inkster and James S. Van Zant, defendants, $15,000, the alleged share of John S. Iman, plaintiff, in the value of the good will of the Nebraska Live Stock Company, a dissolved partnership which had been composed of the three persons named.  The jury rendered a verdict in favor of plaintiff for $4,123.16.  To prevent the granting of a new trial, plaintiff filed a remittitur for all of that sum except $1,000, for which judgment was entered in his favor.  Defendants have appealed.

The firm had been buying and selling live stock on commissions at South Omaha.  From the standpoint of plaintiff, as shown by his pleadings and proofs, defendants, during his absence on firm business and for his own pleasure, dissolved the partnership without his consent, ousted and excluded him therefrom, incorporated under the same name, continued business in the same offices, made use of the same exchange and stock-yard privileges, appropriated to themselves the good will of the partnership, and sent him a statement that they had balanced the books, paid the debts and sold the tangible assets. The account rendered by defendants showed that plaintiff owed them $1,743.38, but did not include in the list of assets the good will of the partnership.  At the trial plaintiff did not controvert any item in their statement, but made proof of facts tending to show defendants' liability for the single item of good will omitted from the account, its value and his own share thereof.

48

Defendants, according to their pleadings and proofs, take the position that any partner had a right to terminate the partnership at will; that plaintiff had violated his contract with defendants by failing to devote his entire time to the business of the firm and by buying and selling stock on his own account; that by his own wrong, in thus neglecting his duties to the firm and in violating his contract with defendants, he destroyed any good will which the partnership had enjoyed; that he left the state early in July, 1908, without the consent of defendants, dissolved the partnership and abandoned any interest he might have had in the good will of the firm; that he afterward engaged in a separate business on his own account; that by a letter written in Montana and received by them July 30, 1908, he informed them that he had abandoned and dissolved the partnership; that, upon learning of such abandonment and dissolution, defendants settled the affairs of the partnership, notified plaintiff thereof and sent him a dissolution statement, which did not include good will because it was of no value; and that plaintiff by accepting that part of the settlement beneficial to him is estopped to assert his claim for good will.

The petition is assailed as fatally defective for these reasons: Final and complete settlement of the partnership affairs is not alleged. It is not shown that the action is based on a single item growing out of such a settlement, nor that there are no other unsettled accounts or unpaid debts. If there is anything wanting in these particulars, it will be found in punctilious form in the answer of defendants. A petition omitting material averments is cured by an answer supplying them. *Haggard v. Wallen,* 6 Neb. 271; *Railway Officials & Employees Accident Ass'n v. Drummond,* 56 Neb. 235; *Beebe v. Latimer,* 59 Neb. 305; *Chicago, R. I. & P. R. Co. v. Kerr,* 74 Neb. 1.

When the pleadings are all considered, a cause of action for plaintiff's share of the good will is stated. It is settled law in this state that the good will of a dissolved partnership is a part of the assets of the firm. *Nelson v.*

*Hiatt,* 38 Neb. 478; *Sheppard v. Boggs,* 9 Neb. 257.  A
partner's share of the value of a single asset not included
in the settlement of the partnership affairs may be re-
covered in an action at law.  *McAuley v. Cooley,* 45 Neb.
582.  The liability of defendants to plaintiff for his share
of the good will of the partnership is fairly put in issue
by the pleadings. At the trial plaintiff confined his proofs
to that issue, and he did not contest any item in the ac-
count stated by defendants.  His claim for good will was
therefore presented, as a single item, under well-estab-
lished principles.

Defendants further argue that there should have been
no jury trial because the petition states a case between
partners for an accounting.  There is no merit in this
point.  As the case was presented by all of the pleadings,
defendants had made their own accounting, and there was
no controversy on that subject, except as to the omitted
item of good will—the proper basis for an action at law.
The trial court very properly declined to abandon the con-
troverted issue at law for an accounting in equity already
made by defendants and approved by plaintiff.

The petition was assailed by demurrer and by motion
for judgment in favor of defendants *non obstante veredicto.*
In that way both the pleadings and the evidence are at-
tacked as insufficient to sustain the judgment.  It is also
argued in this connection that plaintiff's case is defeated
by estoppel.  These views, however, cannot be adopted.
The letter pleaded by defendants to show that plaintiff
abandoned and dissolved the partnership does not, as a
matter of law, justify their interpretation.  The evidence
is sufficient to support a finding that he did not volun-
tarily dissolve the partnership, either by his letter or by
other conduct, and that the good will was a valuable
asset.  The haste with which defendants, in the absence
of plaintiff, settled the affairs of the partnership, pur-
sued the same business in a new form under the same
name in the same office with the same privileges, is con-
vincing proof that, in their judgment, the good will had

not been destroyed by plaintiff and that it was an asset worth having. In any event the jury, on ample evidence, found that the good will was a valuable asset. If the partnership was dissolved by defendants without the consent of plaintiff, he did not abandon his right to his share of the good will or estop himself from demanding it. That asset stood on the same footing in the settlement of partnership affairs as the tangible property listed by defendants. If plaintiff failed to devote all of his time to the business of the firm and engaged in other business, as charged by defendants, he did not thereby forfeit his interest in the good will any more than in the office furniture or in other property listed in the settlement. He had nothing to do with the transferring of the assets of the firm to defendants or with the stating of the account. He had a right to acquiesce in the settlement as far as it went, and to sue for his share of the omitted asset of good will.

Complaint is also made that the jury were guilty of misconduct in disregarding the evidence and in disobeying the instructions with respect to giving defendants the benefit of plaintiff's indebtedness to them as settled by the undisputed account. Defendants attempted to show this misconduct by the affidavits of the jurors themselves. The attack so made related to matters inhering in the verdict itself, and the jurors could not impeach it in that manner. *Gran v. Houston,* 45 Neb. 813; *Johnson v. Parrotte,* 34 Neb. 26; *Welch v. State,* 60 Neb. 101. The finding of the jury on the measure of recovery, however, was not accepted by the trial court, but was reduced from $4,123.16 to $1,000—a sum fully sustained by the evidence.

The case was fairly submitted to the jury. They were not permitted to find in favor of plaintiff unless his share of the good will, if any, exceeded his indebtedness to defendants, as shown by their own account. No prejudicial error has been found in the rulings on evidence or elsewhere in the record.

                                        AFFIRMED.