ALBERT S. RITCHIE, APPELLEE, v. J. V. STEGER, APPELLANT.

FILED JANUARY 31, 1913. No. 16,952.

1. **Appeal**: INSTRUCTIONS. In an instruction defining the issues, a statement that an undenied, immaterial allegation of the petition may be regarded as a fact is not a ground of reversal in a record which does not affirmatively show prejudice to appellant.

2. ———: EXCESSIVE VERDICT: FAILURE TO OBJECT. In a reviewing court, excessive recovery is not a ground for reversing the judgment, where the amount of the verdict is not challenged below by an available assignment of error.

3. ———: INSTRUCTIONS: REVIEW. On appeal, instructions correctly stating the law applicable to the issues raised by the pleadings cannot be successfully assailed by defendant on the ground that such instructions are inapplicable to evidence tending to support a defense not pleaded.

4. **Trial**: VERDICT: IMPEACHMENT. Matters inhering in the verdict of a jury cannot be assailed by affidavits of jurors.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Affirmed.*

*John L. Webster,* for appellant.

*Carl E. Herring* and *Albert S. Ritchie, contra.*

ROSE, J.

This is an action to recover compensation in the sum of $1,999.99 for professional services alleged to have been rendered during a period of years by plaintiff as attorney for defendant. From judgment on a verdict in favor of plaintiff for $1,500, defendant has appealed.

In the first assignment of error the trial court's statement of the issues to the jury is assailed for directing, in substance, that plaintiff alleges "the defendant is the proprietor, with his sons, of the largest piano factories in the world, located at Steger, Illinois, said town receiving its name from the defendant on account of the large interests of defendant located there;" that defendant in his

answer admits this allegation; that the court's statement of the issues is merely a summary of the claims made by the respective parties, and is intended to assist the jury in considering the evidence, but, except as to admissions, is not to be taken as a recital of facts. The issues raised by the answer were the employment of plaintiff as attorney, the performance of professional services for defendant, and the amount of compensation, if any. The criticisms of the instruction are that defendant's proprietorship of the largest piano factories in the world was not material to the issues; that in calling the jury's attention to the undenied allegation mentioned defendant was prejudiced; that the implied charge to consider the admission as a recital of fact was improper; and that attention should not have been directed to defendant's wealth. There is abundant reason why the judgment should not be reversed for the giving of the instruction criticised. Defendant in his answer did not deny the allegation in regard to his factories. If it could not truthfully be denied, and was immaterial, and if defendant did not want it considered by the court or the jury, or made the subject of comment, he had his remedy by motion to strike it out of the petition. He did not see fit to pursue that course. In allowing the averment to remain in the record, he acquiesced with plaintiff in putting it there; and it ought to be assumed, under the circumstances, that he hoped to receive a benefit from the prominence it gave him. It was not a reflection upon him, and it does not affirmatively appear that he was prejudiced by it. It was not evidence from which the jury could infer that he had employed defendant or had been advised by him. If, however, it could be held prejudicial, it would only affect the amount of recovery, and of that no available complaint is made in the assignments of error.

Other instructions are challenged as amounting to a declaration that plaintiff had a right to enter defendant's employ, though the evidence shows, so it is said, that he had previously entered into contracts which obligated him,

as an attorney, to assume on behalf of others an attitude hostile to defendant and inconsistent with professional relations with the latter, and that plaintiff received from others compensation for professional services antagonistic to the interests of defendant. This assignment of error cannot be sustained for the following reasons: As abstract propositions of law the instructions assailed are not open to serious criticism. In giving them the trial court charged the jury on the law applicable to the issues raised by the pleadings. Those issues were: Did defendant employ plaintiff as attorney? Did plaintiff perform services as attorney for defendant? If these questions are answered in the affirmative, what is the amount of plaintiff's compensation? In his brief defendant frankly states that these are the issues. That plaintiff's former retainers prevented him from serving defendant professionally was not pleaded as a defense. No effort was made to amend the answer either to include that issue or to conform the pleadings to the proof. If plaintiff accepted compensation from defendant's adversaries, the verdict is not properly assailed as excessive. On this particular feature of the case defendant did not request instructions containing his theory of the law. The record presented, therefore, does not in this respect contain an error available to defendant.

Misconduct of jurors is also a subject of complaint, but it is based on an attack made in violation of the rule that matters inhering in the verdict of a jury cannot be assailed by affidavits of jurors. *Iman v. Inkster,* 90 Neb. 704.

No reversible error has been found, and the judgment of the district court is

AFFIRMED.


HAMER, J., dissents.