HERMAN ANTON EVERS v. STATE OF NEBRASKA.

FILED JUNE 11, 1909. No. 16,123.

1. **Criminal Law:** INDICTMENT: SEPARATE COUNTS: VERDICT. In a criminal prosecution upon a complaint charging both an assault upon and rape of a female child under the age of 15 years, the jury may find the defendant not guilty of rape, but guilty of an attempt to commit rape.

2. ———: ———: ———: ———. And in such a case the omission of the word "commit" from such latter verdict, and the omission of the name of the person upon whom such assault was made, are immaterial, when, following the words "that the defendant is guilty of assault with intent to rape," the verdict contains the further words, "as charged in the information."

3. **Rape:** EVIDENCE. In the prosecution of a party for rape upon a female child under the age of consent, testimony as to improper conduct on the part of the defendant, at other times than that charged, with the same child and of the same character named and set out in the information is properly received.

4. **Witnesses:** COMPETENCY. In this state no age is fixed by the statute below which a child is presumed to be incompetent to testify, and there is no rule of law outside of the statute that a child six years of age is incompetent. In such a case, if the opposing party challenges such witness on the sole ground of age, without requesting an examination of such child by either court or counsel touching its competency, the objection is properly overruled.

5. **Criminal Law:** MISCONDUCT OF COUNSEL. Where, in the trial of a case, counsel of the respective parties engage in an altercation in the presence of the jury and are properly reprimanded by the court, and no request for a special instruction on the subject is requested, no error can be predicated thereon.

6. ——: REMARKS OF JUDGE. And where in such a case the court
expresses an opinion as to improper testimony sought to be elic-
ited from a witness upon the stand, such action on the part of
the court will not be held to be reversible error, unless the
appellate court can say that it probably influenced the verdict of
the jury.

7. ——: TRIAL: INFANT WITNESS. In a prosecution for statutory
rape, where the prosecuting witness, a little girl eight years of
age, is attended by a lady friend, who is permitted by the court
to sit upon the witness stand in close proximity to such prose-
cuting witness while her testimony is being given, and the court
admonishes such lady that she is not permitted to make sugges-
tions to the witness, and the record does not show any disregard
of such admonition by the court, held, not erroneous.

8. ——: VERDICT: RETURN. In a criminal prosecution, when the
jury have agreed upon their verdict and are conducted into court
by the officer having them in charge, the procedure in receiving
the verdict is governed by section 486 of the criminal code.

9. ——: INSTRUCTIONS. It is not error on the part of the court to
refuse an instruction tendered by the defendant in a criminal
prosecution, when the substance of everything in the proposed
instruction which the defendant is entitled to have submitted to
the jury is given by the court in an instruction upon its own
motion.

ERROR to the district court for Dixon county: GUY T.
GRAVES, JUDGE. *Affirmed, and remanded for judgment.*

*R. J. Millard* and *Wilbur F. Bryant,* for plaintiff in
error.

*William T. Thompson, Attorney General,* and *George
W. Ayres, contra.*

FAWCETT, J.

Defendant was convicted in the district court for
Dixon county, to which county the case had been removed
on change of venue from Cedar county, upon an informa-
tion, the charging part of which is as follows: "That Her-
man Anton Evers, being a male person of the age of 18
years and upwards, late of the county aforesaid, on or
about the 10th day of October A. D. 1908, in the county

of Cedar and the state of Nebraska aforesaid, then and there being, and did then and there knowingly, wilfully, unlawfully and feloniously make an assault upon one Pauline Uding, a female child under the age of 15 years, and did then and there knowingly, wilfully, unlawfully and feloniously carnally know and abuse the said Pauline Uding, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Nebraska." The verdict of the jury was in the following language: "We, the jury in this case, being duly impaneled and sworn and affirmed, do find and say that the defendant is guilty of assault with intent to rape as charged in the information." After verdict, counsel for defendant moved the court to discharge the prisoner "because the verdict is tantamount to an acquittal." On the same day they filed a motion in arrest of judgment "because the information herein does not charge an offense under the law of this state," and a motion for a new trial. All three motions were overruled and exceptions duly taken. "Whereupon," the record states, "the defendant is asked if he has aught to say why sentence should not be pronounced upon him. Having been heard by counsel, upon his request, as to objection to the sentence, it is considered," etc., and a sentence of ten years' imprisonment in the penitentiary was imposed. From this judgment defendant prosecutes error, and assigns in his brief nine reasons why it is insisted the judgment of the district court should be reversed. These alleged errors will be considered in the order of their assignment.

The first assignment is that defendant has been convicted of a crime with which he was not charged; the contention being that he was informed against for the crime of rape upon the person of a girl under the age of consent, and was convicted of "assault with intent to rape." Section 12 of the criminal code, defines what shall constitute rape, and fixes the penalty therefor at imprisonment in the penitentiary not more than 20 nor less than 3 years. Section 14 provides: "If any person shall assault

another with intent to commit a murder, rape, or robbery upon the person so assaulted, every person so offending shall be imprisoned in the penitentiary not more than fifteen nor less than two years." Section 487 provides: "Upon an indictment for an offense  *  *  *  the jury may find the defendant not guilty of the offense but guilty of an attempt to commit the same, where such an attempt is an offense." These three sections of the statute leave defendant with nothing to hang his contention upon except the omission of the word "commit"; in other words, that the finding of the jury that the defendant is guilty "of assault with intent to rape" does not mean the same as "assault with intent to commit rape." Where the evidence clearly establishes guilt, it would be a travesty upon justice to set aside a conviction upon so strained a technicality. The fact that the verdict does not state upon whom the defendant made an assault with intent to rape we think is fully covered by the words immediately following, "as charged in the information." That the information not only charges the commission of rape, but also the making of an assault upon the little girl named, cannot be questioned. Defendant's first assignment is therefore without merit.

The second assignment is: "(1) The court erred in allowing the defendant to be cross-examined in regard to alleged offenses other than the one for which he was tried. (2) The court allowed proof of offenses other than the one for which the defendant was tried." On the first point it is sufficient to say that the questions were asked and answered without objection or exception. The testimony objected to under the second point is all testimony in relation to improper conduct on the part of the defendant with the same little girl, and of the same character, named and set out in the information. Its admission was not error. *Woodruff v. State*, 72 Neb. 815.

The third assignment is: "The court erred in allowing the state's witness, Katie Wheeler, to testify against the defendant's objection to her competency." This witness

was six years old. When she was placed upon the stand, she was asked a number of questions before any objection was made, when we have this record: "Q. And go into Tony Evers' place of business? The defendant objects first to the competency of the witness, and objects to the testimony generally on the grounds that it is incompetent, irrelevant, immaterial and no foundation laid. Sustained on the competency of the witness. Ruling withdrawn, and objection is overruled. Defendant excepts." The examination and cross-examination of this witness then proceeded to its conclusion without any further objection of incompetency by the defendant, and without any request on the part of defendant either to examine the witness himself as to her competency or for the court to make such examination. Counsel for the state contend that "in this state no age is fixed by the statute below which a child is presumed to be incompetent to testify, and there is no rule of law outside of the statute that a child six years of age is incompetent to testify. On the contrary, children of less age, it has been repeatedly held, are competent witnesses" and cite *State v. Juneau,* 88 Wis. 180, and 1 Wharton, Law of Evidence (3d ed.), sec. 399, in support of their contention. In this view of the law we concur. If counsel for defendant had any doubt as to the competency of this little girl, they should have either called upon the court to examine her as to her competency or have requested permission to make such examination themselves. Having rested their case upon the objection of age alone, the court did not err in its ruling.

The fourth assignment is: "The court erred in making a remark in the presence of the jury, tantamount to an instruction." And the fifth is: "Misconduct of the counsel for the state in using offensive and prejudicial language in the presence of the jury." These two assignments will be considered together. When the witness Eliza E. Peterson, a little girl eight years of age, was upon the stand, counsel for defendant asked her: "Your

mother was never married, was she? A. No, sir." Upon redirect examination an altercation arose between counsel. From the record we infer that counsel for defendant attempted to corroborate this answer of the witness by stating that it was true that the witness' mother had never been married. Counsel for the state retorted that, if he made that statement, it was a lie. Whereupon the court stated from the bench: "I think that Mr. Burkett (counsel for state) should apologize for using that sort of language toward a brother attorney, and Mr. Millard (counsel for defendant) should withdraw his statement that it was a fact, because his statement is not evidence, and, if it was a fact, would be immaterial to the issues in this case. Children of eight years of age do not know whether their parents are married or not." It would appear from this record that counsel for defendant was responsible for the unfortunate scene enacted in the presence of the jury; but, regardless of that, we think the court, in a very dignified and proper manner, did everything that it was called upon to do in the matter. While it perhaps would have been better for the court not to have said that "children of eight years of age do not know whether their parents are married or not," we do not think that fact could have prejudiced the jury, as it was merely a statement of a fact which we think is a matter of common knowledge. The testimony sought to be elicited was clearly improper, and, if counsel for defendant got into trouble thereby, we cannot relieve him from the consequences thereof unless we can say that the jury were probably influenced by what the court said in disposing of the matter. We do not think such is the fact, and therefore hold that defendant's fourth and fifth assignments are without merit.

In the sixth assignment defendant complains because the court permitted one Mrs. Wheeler to sit on the witness stand in close proximity to the prosecuting witness while she was testifying. The prosecuting witness is a little girl eight years old. Her mother is dead, and her father

was residing in another state. Mrs. Wheeler, it appeared, took a friendly interest in the little girl, and was permitted by the court to occupy a seat on the witness stand while she was testifying. This was objected to by defendant, and overruled. The record shows that, during the examination of the little girl, counsel for defendant stated: "Defendant wishes record to show that a lady by the name of Mrs. Wheeler is sitting on the witness stand within six inches of the witness on the stand and prompting the witness, and objects to the Mrs. Wheeler sitting on the same stand with the witness. The court: The objection as to her sitting on the stand is overruled, but she is not permitted to suggest." The examination of the little girl then proceeded, and there is nothing in the record to indicate that Mrs. Wheeler ever again, if she had previously, disregarded the admonition of the court. This assignment must fail.

Assignment No. 7 is: "The law requires that the names of the jurors shall be called." In support of this counsel cite section 290 of the code. We do not think that section is applicable in a criminal prosecution. In such a case we think the rule is to be found in section 486 of the criminal code, viz.: "When the jury have agreed upon their verdict they must be conducted into court by the officer having them in charge. Before the verdict is accepted the jury may be polled at the request of either the prosecuting attorney or the defendant." The record does not show that the jury was polled, nor does it show that either the state or the defense requested such a poll. In this there was no error.

The eighth assignment is: "We complain of the refusal to give the following instruction: 'Pay good heed to the testimony as to the defendant's good reputation before the matter for which he is now on trial, for the law presumes that no man is suddenly changed from a very good man to a very bad man, and that no man can become a criminal in a day.'" Upon this instruction is the following indorsement: "Refused because given in

substance by the court.  Guy T. Graves, Judge." In this the court was right.  Everything in the instruction ten-dered which defendant was entitled to have submitted to the jury was submitted in instruction 15 given by the court on its own motion.

Assignment No. 9 is: "The verdict did not respond to the issues in the case."  We have disposed of this assign-ment in our consideration of assignment No. 1.

The only remaining error discussed by counsel for de-fendant in their brief is that the court, when it passed sentence upon the defendant, did not first inform him of the verdict of the jury, basing their contention on section 495 of the criminal code, *Dodge v. People,* 4 Neb. 220, *Tracey v. State,* 46 Neb. 361, and *McCormick v. State,* 66 Neb. 337.  The section of the code referred to reads: "Before the sentence is pronounced, the defendant must be informed by the court of the verdict of the jury, and asked whether he has anything to say why judgment should not be pronounced against him."  So far as the record speaks on the subject at all, it shows that the court, when about to pronounce sentence, asked the de-fendant if he had "aught to say why sentence should not be pronounced upon him"; but it does not show that the court informed the defendant of the verdict of the jury. While the writer does not think that *Dodge v. People* and *Tracey v. State, supra,* are in point, it must be conceded that *McCormick v. State, supra,* is decisive of the ques-tion that under the section of the statute quoted the court could not pronounce a valid sentence upon defendant without having first informed him of the verdict of the jury in addition to giving him an opportunity to say why judgment should not be pronounced against him.  This, under the authorities named, does not call for a reversal of the case, but simply requires that it be remanded to the court below, with directions to pronounce judgment on the verdict in the manner prescribed by the literal wording of the statute.  In the opinion of the writer, the construction placed upon the statute in *McCormick v.*

*State, supra,* is so at variance with the modern idea of directness, instead of circumlocution, that it should be overruled, and the more reasonable rule announced in *Bond v. State,* 23 Ohio St. 349, adopted as the rule in this state. It would seem to be unnecessary to remand this case to the district court for re-sentence simply because that court did not, at the time of passing sentence upon defendant, inform him of a fact of which he already had full and critical knowledge, viz., the verdict that had been returned by the jury; the result of which will be to give the defendant another right of appeal, thereby delaying the execution of a just sentence, and serving no good purpose to either the state or the defendant. In these views, however, a majority of my associates do not concur.

The judgment of the court therefore is that, no error appearing in the record before us up to the time of pronouncing sentence, the judgment of the district court as to all such matters is affirmed, and the case is remanded to that court for the rendition of a valid judgment upon the verdict.

CONVICTION AFFIRMED, AND CASE REMANDED FOR
JUDGMENT.

LETTON, J., concurring.

I agree with Judge FAWCETT'S views as to the lack of necessity for remand; but the court having adhered to this rule for many years, and the statute being as it is, I think the legislature should change the law, and not the court.