STATE OF NEBRASKA, APPELLEE, v. HENRY N. BROCKMAN, JR., APPELLANT.

168 N. W. 2d 367

Filed May 23, 1969. No. 37148.

Henry N. Brockman, Jr., and Johnston, Grossman & Johnston, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

The sentence on defendant's guilty plea to a charge that he had unlawfully possessed a narcotic drug was 2 years imprisonment and a $3,000 fine. We review it on appeal in respect to allocution and legislative reduction of penalty during pendency of appeal.

Defendant, an Alabama college student appearing pro se, and the county attorney informed the sentencing court of these facts: Defendant had harvested 200 pounds of marijuana with intent to sell the cannabis, and the offense was his first. The court then inquired: "Do you have anything to say, Mr. Brockman, prior to sentence? Is there any statement you wish to make at this time?" Defendant answered: "No. Only until last Thursday, I didn't even know what the marijuana plant looked like, let alone the use of it."

The allocution statute requires the court to ask whether defendant has anything to say why judgment should not be passed against him. § 29-2201, R. R. S. 1943. Its major justification today is therapeutic effect. A. B. A. Minimum Standards, Sentencing (Approved Draft, 1968), § 5.4, Commentary c, p. 254. The error here

was harmless. Precedent has implied that every error in allocution is prejudicial. See, McCormick v. State, 66 Neb. 337, 92 N. W. 606; Evers v. State, 84 Neb. 708, 121 N. W. 1005. The implication is disapproved.

The information employed the phrase "narcotic drug" without further specification. It charged a crime punishable "for the first offense, by a fine not exceeding three thousand dollars and by imprisonment . . . for not less than two years nor more than five years; . . ." § 28-470, R. R. S. 1943.

During pendency of this appeal, L.B. 2, 80th Leg. Sess., 1969, became effective. It reads in part: "Sec. 2. A person possessing cannabis . . . with the intent to sell or distribute the same or who knowingly . . . possesses the same in an amount consisting of . . . substances of an aggregate weight of one half pound or more containing any cannabis shall be guilty of a felony and, upon conviction thereof, shall be imprisoned . . . not less than one year nor more than five years . . . . Section 4. The penalties . . . shall apply to all . . . informations . . . pending on the effective date of this act against any individual for violation of . . . this act."

Under our Rule 8a 2 (3) and section 29-2308, R. R. S. 1943, we modify the judgment by vacating the fine and reducing the term of imprisonment to 1 year. So modified the judgment is affirmed.

AFFIRMED AS MODIFIED.