**UNITED STATES, Appellee,**

v.

**Sergeant Wailon G. JOHNSON, SSN 267–06–5539, United States Army, Appellant.**

**SPCM 18040.**

U. S. Army Court of Military Review.

5 Jan. 1983.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire, II, JAGC, Captain Patrick F. Crow, JAGC, and Captain John D. Martin, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Thomas E. Booth, JAGC, and Captain Peter M. Donawick, JAGC, were on the pleadings for appellee.

Before CLAUSE, COKER and HANFT, Appellate Military Judges.

## OPINION OF THE COURT

HANFT, Judge:

■ Contrary to his pleas, Johnson was convicted of committing indecent, lewd and lascivious acts upon his four year old son and upon his two year old daughter. Prior to the testimony of the son, the prosecutor requested that the son's aunt, a Mrs. Skipper, be allowed to sit beside the child during his testimony. The following colloquy then took place:

MJ: What is the defense position with regard to the Aunt accompanying the child?

DC: Your Honor, as far as the preliminary questioning, we have no objection if she wants to come in and get the child oriented to the proceedings. However, because of her involvement for the past few days in this thing, we would object to her holding the child during the merits, as we are afraid that she may affect the child's testimony in some way.

MJ: The Aunt will be permitted to occupy a chair next to the child. If I detect any indication that the child, in any manner, is turning to her for guidance or response in any of his responses, then she'll have to be excluded from that. But until that happens, I will permit that.

There is no indication in the record that the son in any way sought or received guidance from his aunt during his subsequent testimony.

This fact situation is quite similar to the one present in *Evers v. State,* 84 Neb. 708, 121 N.W. 1005 (1909), a sexual assault case in which the complaining witness was an eight year old girl. Over defense objection, the trial court allowed a Mrs. Wheeler to sit on the witness stand in close proximity to the girl while she testified. Subsequently, the defense claimed that Mrs. Wheeler was

**520**

sitting within six inches of the girl and prompting her. The trial court ruled " 'The objection as to her sitting on the stand is overruled, but she is not permitted to suggest.' " 121 N.W. at 1007. On appeal, the Supreme Court of Nebraska affirmed, noting that there was nothing in the trial record to indicate that Mrs. Wheeler had disregarded the admonition of the trial court. *Ibid.* at 1008.

We are likewise convinced that there was no error in this case, and we commend the trial judge for utilizing sound judicial procedure in dealing with the situation.

The acts which formed the basis of the charges in this case were alleged in both specifications to have occurred "on divers occasions from on or about 20 February 1982 to on or about 24 April 1982." Although the evidence adduced at trial established that the acts occurred on only one occasion with each child, Johnson was convicted as charged. As a result, Johnson asserts that the evidence is insufficient to support his convictions. We would agree that the findings should be modified had not the convening authority mooted the error by approving only so much of each specification as found that Johnson committed acts upon each victim on but a single occasion and by reassessing the sentence accordingly.

The findings and the sentence are affirmed.

Senior Judge CLAUSE and Judge COKER, concur.