SHEDRICK C. BURLINGIM v. STATE OF NEBRASKA.

FILED FEBRUARY 6, 1901. No. 11,365.

1. Information: IMMATERIAL VARIANCE. Where, in an information, a word found in the instrument proved is omitted from the instrument as recited, or a word inserted in the instrument described which is not in the instrument proved, or a word in the instrument proved is abbreviated or misspelled in the instrument described, or numbers and dates are represented by figures, and the change in no manner or for any purpose alters the signification or tends to prejudice the substantial rights of the defendant upon the merits of the case, the variance is immaterial.

2. Criminal Code: RATIONAL PROCEDURE: HYPERTECHNICAL RULES: ABOLITION OF COMMON LAW. In adopting the Criminal Code the legislature intended to provide a rational system of procedure for the trial of persons accused of crime, and to abolish the hypertechnical rules of the common law.

Burlingim v. State.

3. **Evidence:** VOLUNTARY CONFESSION. Where everything said by or to the accused, with respect to the crime charged, while he was under arrest, is disclosed, and it thus appears that the confession offered in evidence was voluntary and not made under the influence of hope or fear emanating from any one in authority, or concerned in the administration of justice, it is not error to receive such confession.

4. **Forgery:** ESSENTIAL ELEMENT: FRAUDULENT INTENT: ACCESSORY. A fraudulent intent is an essential element of the crime of aiding and abetting the commission of a forgery.

5. ————: EVIDENCE: ANOTHER TRANSACTION. On the trial of a person charged with having aided and abetted another in the forgery of a deed, it is proper, for the purpose of proving the criminal intent of the principal felon, to show that the person who committed the forgery had, but a short time before, forged another deed purporting to convey the same property.

6. **Exclusion of Evidence:** PROVINCE OF JURY. It is error to exclude evidence the legitimate tendency of which is to put an innocent complexion upon inculpatory circumstances proven by the state; the weight of such evidence is for the jury.

7 **Instruction:** ACCESSORIAL ACT. Where, in the trial of a person charged as an accessory before the fact, the evidence tends to prove the commission of the crime in two or more counties, the court should, in plain terms, charge the jury that there should be an acquittal, if no accessorial act was committed in the county in which the information was filed.

8. **Exclusion of Certain Evidence No Error.** It is not error to exclude evidence which has no tendency to impeach any witness on a material point, and which is not substantive proof of any fact relevant to the issue.

ERROR from the district court for Douglas county. Tried below before BAKER, J.  *Reversed.*

*Ed P. Smith* and *John A. Sheean,* for plaintiff in error.

*Constantine J. Smyth, Attorney General,* and *Paul Pizey, Assistant, contra.*

SULLIVAN, J.

In the district court for Douglas county Shedrick C. Burlingim was tried and convicted on an information charging him with having incited and instigated one John Johns to commit the crime of forgery. The forged

instrument, a warranty deed purporting to convey to Henry N. Moore a quarter section of land owned by Peter Buller, and situate in Seward county, was received in evidence over defendant's objection that it was not the instrument described in the information. The ruling of the court was excepted to and is assigned for error. The deed pleaded differed from the one given in evidence in no material particular. The differences pointed out consist of abbreviations, misspelling, improper use of numerals and the insertion of the phrase "and no 100" before the word "dollars" in the clause expressing the consideration. These variances did not tend to prejudice any substantial right of the defendant upon the merits of the case, and the trial court rightly held that they were immaterial. Criminal Code, secs. 412, 413; *State v. Collins*, 115 N. Car., 719; *Burress v. Commonwealth*, 27 Gratt. [Va.], 934; *People v. Baker*, 100 Cal., 188; *Commonwealth v. Costello*, 120 Mass., 358; *People v. Phillips*, 70 Cal., 64; 9 Ency. Pl. & Pr., 594. What we conceive to be the correct rule is thus stated by the supreme court of California in the last case mentioned, wherein McKinstry, J., says: "We think the rule is, that if the variance does not change the sense in any way, it is not material. We are not to be understood as saying that when a contract alleged to have been forged is set forth in the indictment or information in words and figures, any other contract is admissible the legal effect of which is the same as that alleged and set forth in terms in the indictment; but that, when in the indictment a word found in the instrument proved is omitted from the instrument as recited, or when a word is inserted in the instrument described which is not in the instrument proved, and the change in no manner or for any purpose alters the signification, the variance is unimportant." The decisions of this court cited by counsel for defendant (*Haslip v. State*, 10 Nebr., 590; *Davis v. State*, 58 Nebr., 465; *Sutton v. State*, 58 Nebr., 567) do not hold to, or countenance in any way, the absurd and an-

tiquated doctrine that the proof must respond to the allegations with literal exactness and that every trivial variance is material. It was the design of the legislature in adopting the Criminal Code to provide a rational system of procedure for the trial of accused persons and the punishment of crime. The intention was to abolish the hypertechnical rules of the common law; and that, we think, has been accomplished.

The court received in evidence alleged confessions made by the defendant while in the custody of the officers who arrested him, and it is claimed that this constituted reversible error. The rulings complained of were in accord with the decision of this court in *Snider v. State*, 56 Nebr., 309. Everything that was said by or to the accused with respect to the crime charged was detailed by the witnesses Wise and Carroll, and from their testimony it appears as a logical and necessary inference that the confessions, if they may be called such, were made voluntarily, and not under the influence of hope or fear emanating from any one in authority, or concerned in the administration of justice.

Over defendant's objection the court received in evidence a deed made to L. F. Schultz by John Johns while the latter was personating Peter Buller. The deed was made a short time before the execution of the one described in the information. It assumed to convey the same land and was uttered with intent to defraud Harry T. Jones, for whom Schultz was acting. It was permitted to go to the jury, not for the purpose of proving a distinct crime, but to establish a criminal intent on the part of Johns. The state was required to show not only that the deed to Moore was not genuine, but that it was executed with intent to defraud. A fraudulent intent was an essential element of the crime for which the defendant was tried (*Wagner v. State*, 43 Nebr., 1); and the deed to Schultz was evidence of such intent. *Knights v. State*, 58 Nebr., 225; *Davis v. State*, 58 Nebr., 465.

Another ground upon which the defendant claims a reversal of the sentence is that the court erred in excluding a letter written to him by Johnston & Kerr, land agents at Council Bluffs, Iowa. The letter is as follows:

"COUNCIL BLUFFS, IOWA, Feby. 25th, 1899.
"*Mr. Burlingim, Seward, Neb.*—DEAR SIR: You have been referred to us by a party who said we might be able to get a loan on the S. W. 4, sect. 9, Tp. 12, R. 4; your county. Please let us know the very most you can loan on it. Could you sell this quarter for cash; if so, at what price? Let us hear from you by return mail and oblige,

"Yours Truly,        JOHNSTON & KERR."

The state introduced evidence to show that Burlingim had been endeavoring to find a purchaser for the Buller land, and the letter quoted was offered for the purpose of explaining his conduct and giving it the complexion of innocence. It seems quite clear that the letter should have been received. It was an exculpatory fact, the weight and influence of which it is not the province of the court to determine. The jury may have believed the evidence for the state and discredited the testimony of the defendant because his activity in seeking a purchaser was not, under the circumstances disclosed, susceptible of an innocent construction. He should have been permitted to show that what he did was referable to the suggestion of Johnston & Kerr and not to a criminal compact between Johns and himself. It is probable, of course, that such an explanation would not have brought about an acquittal, but the accused was, nevertheless, entitled to have his theory of the case given to the jury. It was for them to determine, in the light of all the circumstances, whether, in looking for a purchaser, the defendant acted honestly in the belief, or on the supposition, that Johnston & Kerr were representing Buller. We can not say they would have found that the defendant knew the letter was inspired by Johns.

Burlingim v. State.

The action of the court in charging the jury with respect to the venue of the crime is approved with some reluctance. The charge given was as follows: "And if you find from the evidence, beyond a reasonable doubt, that all the elements of forgery, as in these instructions described, were committed by the said John Johns in Douglas county, Nebraska; and if you should further find that the defendant, within the time hereinbefore mentioned, did willfully, knowingly and feloniously counsel with the said John Johns and aid or abet the said Johns in the committing of said forgery, although you find that only some part of the conversations of and pertaining to the said forgery, between defendant and John Johns, if there were any, such conversations, were had within Douglas county, you should find the defendant guilty in manner and form as he stands charged in the first count of the information." This instruction scarcely gives sufficient prominence to the venue. In view of the fact that the evidence tended to show the commission in three counties of the offense charged, it would have been fairer to have given the instruction requested by the defendant, which in plain terms stated that there should be an acquittal if no accessorial act was committed in Douglas county.

The fifth subdivision of the brief filed by defendant's counsel is directed to a discussion of the rulings of the court excluding evidence tending to show that Johns had a confederate named Clark who was with him in Council Bluffs. We think there was no error in rejecting this evidence. It had no tendency to impeach Johns upon any material point, and it was certainly not substantive proof of defendant's innocence.

For the error committed in excluding the letter from Johnston & Kerr the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

NORVAL, C. J., not sitting.