ANGUS MARTIN ET AL. V. STATE OF NEBRASNA.

FILED MAY 10, 1907. No. 14,839.

1. **Larceny:** INDICTMENT. Where one person has the general ownership of property and another person a special ownership in the same thing, the property may be alleged to be in either. in an indictment for larceny. *Sharp v. State*, 61 Neb. 187.

2. **Evidence** examined, and *held* to support a verdict finding the defendant Martin guilty of larceny.

ERROR to the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*W. W. Dodge* and *O. S. Erwin*, for plaintiffs in error.

*W. T. Thompson, Attorney General*, and *Grant G. Martin*, contra.

LETTON, J.

The defendants were convicted of larceny in the district court for Douglas county. On the afternoon of June 5, 1906, they entered the jewelry store of M. D. Franks in the city of Omaha. Martin asked to look at a diamond stud. Mr. Franks took it from the show case and handed it to him for examination. After looking at it for a moment, Martin handed it to Jennings, who took it to the front of the store apparently to examine it more closely. The jeweler became suspicious and made some remark, when Jennings seemingly handed back the stud. Franks discovered, however, that a substitution had been made by Jennings and an imitation of the stud returned to him in-

stead of the genuine. He at once gave an alarm and tried to seize Jennings, who fled, but was afterwards arrested. The genuine stud was found in his mouth after his arrest. Martin was detained in the store and arrested there. Both defendants were charged with the larceny of a diamond stud, the property of M. D. Franks. It developed at the trial that Franks was not the general owner of the diamond, but that it belonged to one Horne, and that he had it in his possession for the purpose of sale.

The principal error alleged is that there is a variance between the allegation of ownership and the proof. There is no merit in this contention. Where one person has the general ownership of property and another person a special property in the same thing, the property may be alleged to be in either. *Thomasson v. State,* 22 Ga. 499; *Barnes v. People,* 18 Ill. 52; *Littleton v. State,* 20 Tex. App. 168; *Sharp v. State,* 61 Neb. 187.

The second contention is that the evidence is not sufficient to establish the guilt of Martin. The proof showed that Martin entered the store in company with Jennings, and that he asked to see the diamond and handed it to Jennings, who made the substitution. It is urged that Martin's conduct in asking to see the diamond and handing it to Jennings was not criminal, and that he has not been shown to have participated in the criminal intent of Jennings to appropriate the diamond. While it may be possible that Martin was an innocent participant in the plan by which Jennings obtained possession of the diamond for the purpose of substituting a spurious imitation thereof, it is by no means probable. The proceedings of the two men show a concert of action, and the evidence is sufficient to uphold a verdict finding them both guilty. We find no error in the record.

Martin was sentenced to the penitentiary for five years and Jennings to seven years. It is urged that the punishment is excessive, and we are asked to reduce the term of imprisonment. The trial court evidently believed that these men were professional criminals, and we are not

prepared to say that the discretion which he exercised as to the length of sentence was abused.

The judgment of the district court is

AFFIRMED.