GEORGE CLARK v. STATE OF NEBRASKA.

FILED NOVEMBER 1, 1918. No. 20560.

1. **Larceny:** INDICTMENT: SUFFICIENCY. The use of the generic name "hog" is a sufficient description under the statute providing punishment for stealing a "sow, barrow, boar or pig."

2. **Indictment:** VARIANCE.. "A variance between a descriptive averment of the information and the evidence given in support thereof is not fatal, unless such variance is material to the merits of the case or prejudicial to the defendant." *Goldsberry v. State*, 66 Neb. 312.

3. **Criminal Law:** EVIDENCE: OTHER ACTS. To make evidence of other acts available in a criminal prosecution, some use for it must be found as evidencing a conspiracy, knowledge, design, disposition, plan, or scheme, or other quality, which is of itself evidence bearing upon the particular act charged.

ERROR to the district court for Boone county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*A. E. Garten,* for plaintiff in error.

*Willis E. Reed, Attorney General, J. M. Wild* and *W. J. Donahue,* contra.

CORNISH, J.

The information charged the stealing of "four hogs." Defendant, convicted, brings error to this court.

The sufficiency of the description is questioned, and our attention is called to the statutory description (Rev. St. 1913, sec. 8640), which uses the words, "sow, barrow, boar or pig." It is not denied that a "hog" is either a "sow, barrow, boar or pig," but defendant insists that he was entitled to know the species, so that he "might be prepared to meet the evidence." The point is too technical. The rule contended for is not needed for the protection of the accused, and so the courts hold that the use of a generic name, which includes the specific, is generally sufficient, although

the contrary may not be. *Whitman v. State,* 17 Neb. 224; *Hase v. State,* 74 Neb. 493; 25 Cyc. 83, 84.

At the trial the defendant admitted that he assisted another person in loading the hogs and sending them off to market, but denied any knowledge of the purpose for which they were being taken, and denied any pre-arrangement, plan, or conspiracy to steal. Guilty knowledge or intent was liable to be left in doubt. The trial court, as bearing upon criminal intent, permitted, over the objection of defendant, evidence of the stealing, by defendant, from the same place, of other hogs eight days before, and the stealing of hides thirteen days before, the crime alleged, in conjunction with three others, including the one above mentioned, in pursuance of a common plan. This was not error. The mere fact that the person has committed one crime is not, in law, evidence that he committed another. The accused must not be tried for one offense and convicted of another. To make evidence of other acts available, some use for it must be found as evidencing a conspiracy, knowledge, design, disposition, plan, or other quality, which is of itself evidence bearing upon the particular act charged. Knowing only that defendant helped to load the hogs under suspicious circumstances might not be convincing. When we know that he participated in the same way in other stealings from the same place, all under suspicious circumstances, the probability or possibility of innocence is not so great. When, as sought here, it is shown that he participated in the proceeds of the other stealing and had a common plan or design with others to rob the owner, the evidence may become quite convincing that theft was intended in the case in hand. *Knights v. State,* 58 Neb. 225; *Goldsberry v. State,* 66 Neb. 312; *Clark v. State,* 79 Neb. 473; *Becker v. State,* 91 Neb. 352; 1 Wigmore, Evidence, sec. 192; 17 R. C. L. sec. 80, p. 75.

The information alleged ownership of the hogs in Gus Weigand, the evidence tending to show that it was, in fact, in him and his wife. The court instructed the jury that if they found the title in him, or that it was the joint or common property of himself and wife, that was sufficient. The hogs were in the possession and control of the husband. The instruction was not erroneous. *Sharp v. State,* 61 Neb. 187; *Martin v. State,* 78 Neb. 826; *Merriweather v. State,* 33 Tex. 789; 25 Cyc. 92, 94. Nor can we see how the fact that the information alleged stealing "from the premises of one Gus Weigand," when the title was in his wife, is such variance as is material to the merits of the case or prejudicial to the defendant.

AFFIRMED.

ROSE and SEDGWICK, JJ., not sitting.