FRANK ST. CLAIR v. STATE OF NEBRASKA.

FILED JANUARY 20, 1919.   No. 20528.

1. **Receiving Stolen Goods: INTENT.** The element of guilty knowledge, necessary to constitute the crime of receiving stolen property, is contained in section 8630, Rev. St. 1913, providing that the property must have been received from the robber, "with intent to defraud the owner."

2. **Criminal law: EVIDENCE: OTHER ACTS.** "To make evidence of other acts available in a criminal prosecution, some use for it must be found as evidencing a conspiracy, knowledge, design, disposition, plan, or scheme, or other quality which is of itself evidence bearing upon the particular act charged." *Clark v. State,* 102 Neb. 728.

ERROR to the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*W. D. Oldham* and *Henry B. Fleharty,* for plaintiff in error.

*Willis E. Reed, Attorney General,* and *Orville L. Jones, contra.*

CORNISH, J.

Defendant (plaintiff in error) was convicted of receiving stolen property.

Section 8630, Rev. St. 1913, on which the information was based, is in part as follows: "Whoever receives or buys any goods or chattels of the value of thirty-five dollars, or upwards, that shall be stolen or taken by robbers, with intent to defraud the owner," etc.

It is argued that, although guilty knowledge is an element of the crime charged, neither those words nor their equivalent are contained in the statute. The charge that goods were received from A. (the robber), with intent to defraud B. (the owner), by necessary implication means that the receiver did not believe that A. had good right and title to the goods; else how could he have intended to defraud the owner.

It is said that the statute, as originally passed, had no comma after the word "robbers," and that the present punctuation, made without legislative authority, changes the meaning so as to give the statute a validity it would not otherwise have. This is doubtful. We think that, to avoid the tautological effect of the words used, the meaning must be the same. Besides, the present punctuation was used in the Revised Statutes, ratified by the legislature in 1913.

Several errors are assigned, based on the introduction of certain evidence and an instruction dealing with it. There was evidence that one Faser bought from the accused the automobile stolen, and it appears that the state, without direct evidence as to how he got possession, sought to show, as bearing upon guilty knowledge, that the defendant was in the business of receiving stolen automobiles and selling them. This was proper. It shows a plan or scheme and might be independent evi-

St. Clair v. State.

dence bearing upon knowledge or intent. His possession of the automobile, recently stolen, might be a suspicious circumstance, but explainable and not convincing. When we learn that he was in the business of receiving stolen automobiles and disposing of them in the same way and through the same man (Faser), the probabilities of guilty knowledge are greatly increased.

The fact that there were found on defendant's premises dies or stencils for stamping numbers on Ford cars is significant, as was also the evidence of a curtain, found upon his premises, which the owner positively identified as having been attached to his car, stolen from another county.

The evidence, that three of the cars which defendant sold were not shown to have been stolen, does not appear to have been objected to, but, even if objected to, it would be proper as illustrating the defendant's plan of doing business.

The evidence, that three strange men were frequently seen at his place of business, was proper, as their presence there tended to explain his possession of the stolen automobiles.

Of course, the defendant could not be charged with one crime and convicted of another. Evidence of this character is only admissible as it may throw light upon the question whether defendant knew, when he got possession of the automobile involved, that it was stolen. The trial court so instructed the jury, and, so far as we can see, fully protected defendant's rights. *Goldsberry v. State,* 66 Neb. 312; *Clark v. State,* 102 Neb. 728; 17 R. C. L. p. 75, sec. 80; Roscoe, Criminal Evidence (7th ed.) \*96; *State v. Antonio,* 2 Const. Rep. (S. Car.) 776.

We find no prejudicial error.

AFFIRMED.

LETTON, ROSE and SEDGWICK, JJ., not sitting.