Neal v. State.

## RED NEAL v. STATE OF NEBRASKA.

FILED DECEMBER 15, 1919. No. 21089.

1. Witnesses: CROSS-EXAMINATION. An accomplice who consents to testify on the part of the state cannot be compelled, upon the cross-examination, to testify as to whether he participated in the commission of a crime that is not connected with the offense for which the defendant is being tried. .

2. Criminal Law: EVIDENCE: DECLARATIONS OF CONSPIRATOR. Where it is shown that a conspiracy was formed to commit a series of crimes, the declarations of one of the conspirators during the existence of the conspiracy are admissible in evidence, although such declarations were made after the commission of the crime for which the defendant is being tried.

3. ———: INSTRUCTIONS. It is not incumbent on the court to inform the jury that defendant introduced no evidence to overcome or to explain the state's evidence.

4. ———: WITNESSES: CREDIBILITY: QUESTION FOR JURY. It is the province of the jury to pass upon the probative value of the testimony of a witness notwithstanding the jury may believe that such witness has wilfully sworn falsely in regard to a material matter.

5. ———: ABETTOR. One who incites or instigates the commission of a felony when he is neither actually nor constructively present is an aider, abettor or procurer within the meaning of section 8579, Rev. St. 1913. Lamb v. State, 69 Neb. 212.

6. ———: INSTRUCTIONS. Section 9114, Rev. St. 1913, is substantially complied with when the jury is informed that, even though the defendant has not availed himself of the privilege of testifying in his own behalf, such failure to testify should not be taken as creating a presumption against him.

7. ———: ———. Error cannot be predicated upon a refusal by the court to give an instruction requested by defendant when in another instruction the jury is correctly informed respecting the points covered by defendant's requested instruction.

8. **New Trial:** NEWLY DISCOVERED EVIDENCE. "A new trial should not be granted a party on the ground of newly discovered evidence, unless he makes it appear that the newly discovered evidence is material for him, and that he could not by the exercise of reason-able diligence have discovered and produced it at the trial." *Cunningham v. State*, 56 Neb. 691.

9. **Criminal Law:** EVIDENCE: OTHER ACTS. "To make evidence of other acts available in a criminal prosecution, some use for it must be found as evidencing a conspiracy, knowledge, design, disposition, plan, or scheme, or other quality, which is of itself evidence bear-ing upon the particular act charged." *Clark v. State*, 102 Neb. 728.

10. ———: ———: OBJECTIONS. An objection that certain evidence offered is "incompetent, irrelevant and immaterial" is not neces-sarily sufficient to require its exclusion on the ground that there is not sufficient foundation for its introduction.

ERROR to the district court for Douglas county: WIL-LIAM A. REDICK, JUDGE. *Affirmed.*

*Ernest F. Armstrong, Kelligar & Ferneau* and *Albert S. Ritchie,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *A. V. Shot-well, contra.*

DEAN, J.

In the district court for Douglas county it was charged that, on or about September 28, 1918, defendant "did feloniously procure, incite, abet and aid" W. J. McKenna and L. C. Jones in the "felonious stealing, taking, mov-ing and driving away" of an automobile touring car, the property of C. J. Tamulewicz, of the value of $1,145.

Defendant was convicted and prosecutes error.

Both McKenna and Jones pleaded guilty and volun-tarily testified on the part of the state. About a month after the Tamulewicz car was stolen McKenna was in-formed against and charged in the same court with steal-ing another automobile known as the Judson car. On the cross-examination in the present case he was asked respecting the Judson car: "Q. Did you or did you not steal it? * * * A. I am not here to perjure myself, and I will not incriminate myself." The court sustain-

ed McKenna in his refusal to answer. This was not error. In *Pitcher v. People,* 16, Mich. 142, in an opinion by Judge Cooley, the court say: "When an accomplice consents to be used by the prosecution as a witness, while he is compelled, on cross-examination, to testify fully concerning the transaction under investigation, he cannot be forced to testify as regards his criminality in other cases."

Defendant complains because Mrs. Bowles was permitted to relate the substance of certain damaging admissions made to her by McKenna after the theft of the Tamulewicz car, in which he implicated Neal and another. This was not error. "Where the conspiracy contemplates a series of crimes, acts and declarations of a conspirator during the existence of the conspiracy, although after the commission of the specific crime for which defendant is on trial, are admissible." 16 C. J. 663, sec. 1319.

Defendant did not avail himself of his privilege to testify, and with the exception of one witness who testified briefly and not at all as to the merits, no testimony was offered on his behalf. He now argues that an instruction requested by him containing this language should have been given: "Even if he introduced no evidence at all to overcome or explain that against him, the jury should acquit him, unless the evidence introduced by the state satisfies you, beyond a reasonable doubt, that he is guilty as charged in the information." We do not agree. The jury was correctly instructed on reasonable doubt. It was not incumbent on the court to inform the jury that defendant introduced no evidence to overcome or to explain the state's evidence. *People v. Hummel,* 104 N. Y. Supp. 308; *State v. Hogan,* 115 Ia. 455.

Defendant complains because this requested instruction was refused: "You are instructed that if a witness, who was an accomplice of the defendant, has wilfully sworn falsely in regard to a material matter upon the

trial of this case, the evidence of such accomplice is not sufficient to sustain a conviction of the defendant, unless such evidence is corroborated by other evidence.'' In this ruling error was not committed. It is one of the functions of the jury to pass on the probative value of such testimony. 16 C. J. 695, sec. 1422, and p. 957, sec. 2342.

Exceptions are taken to instructions 7 and 8. Defendant argues: ''The giving of these instructions was error because they stated to the jury that, if Neal agreed with others to a common plan to procure, aid and abet McKenna and Jones, and in pursuance of such plan the Tamulewicz car was stolen, that would be sufficient to convict. An aider or abettor must be actually or constructively present at the commission of a felony.'' We do not think defendant's argument is tenable. One who incites or instigates the commission of a felony when he is neither actually nor constructively present is an aider, abettor or procurer within the meaning of section 8579, Rev. St. 1913. *Lamb v. State,* 69 Neb. 212; *Skidmore v. State,* 80 Neb. 698.

In the instruction numbered 9 the jury were informed, among other things, that ''a person charged with the commission of a crime is a competent witness in his own behalf, but the fact that he has not availed himself of such privilege should not be taken by you as creating a presumption against him.'' Defendant argues: ''Under our statute (Rev. St. 1913, sec. 9114), defendant is not a competent witness unless he requests so to be, and to say that he is without modification is error.'' The exception is technical and appears to be without substantial merit. The court modified the instruction by informing the jury that ''the fact that he has not availed himself of such privilege should not be taken by you as creating a presumption against him.'' The statute was substantially complied with.

Defendant complains of the court's refusal to give his offered instruction numbered 9. The court did not err

in its ruling, because every element in the requested instruction is covered in another instruction wherein the jury is informed that before they could find defendant guilty they must be satisfied beyond a reasonable doubt that McKenna and Jones stole the car in question, and that prior to the stealing defendant procured, incited, abetted and aided McKenna and Jones in the theft.

Defendant requested an instruction, which was refused, informing the jury that he was charged with being an accessory before the fact and defining the elements that constitute that offense. Error cannot be predicated on this assignment. The instruction on inciting, abetting and aiding as given sufficiently covers these points. *Guignon v. State,* 101 Neb. 587.

Defendant's motion for a new trial on the ground of newly discovered evidence was denied. The information was filed January 21, 1919, charging the offense as having been committed on or about September 28, 1918. The case was tried 40 days thereafter. The affidavits are mainly to the effect that defendant was unable in that time to establish his whereabouts on September 29, 1918. We think due diligence was not shown. It was not an abuse of judicial discretion to overrule the application. *Cunningham v. State,* 56 Neb. 691.

Defendant argues: "It was error to receive in evidence the matter touching the dealings of the principal parties with the 'Buick Roadster' on any theory. This testimony detailed the commission of an independent and dissimilar crime committed at a date prior to the instigation or conception of the agreement relied upon by the state, to convict the defendant of the crime charged in the information." The evidence respecting the sale of the stolen Buick roadster to defendant and another, with knowledge by the purchasers that the car was stolen, was properly admitted as tending to show the formation and existence of a general plan and conspiracy to steal cars and sell them, in which plan the state contended defendant was an active participant.

*Clark v. State*, 102 Neb. 728; *St. Clair v. State*, 103 Neb. 125; *State v. Dobbins*, 152 Ia. 632; *State v. Monroe*, 142 Minn. 394.

Defendant argues that the jury should have been instructed respecting the limited purpose for which the testimony in the matter of the Buick roadster was admitted. It seems to us that instruction numbered 8, when considered altogether, plainly informs the jury that the defendant was "not charged with stealing the Buick or any other car, nor with receiving stolen property," but that such evidence was for the purpose of showing an unlawful plan or conspiracy by defendant and others to steal automobiles and to dispose of them.

Defendant finally argues: "It was error to receive the testimony of Mrs. Dorothy McKenna concerning the alleged conversation with one Maurice, without having laid a proper foundation connecting the defendants, or one of them, with such conversation." No objection was made on the ground that there was not sufficient foundation for its introduction. The objection was that the testimony was "incompetent, irrelevant and immaterial." The better rule seems to be that this stock objection does not sufficiently challenge the court's attention to the point in question. *Crocker v. Carpenter*, 98 Cal. 418; 1 Wigmore, Evidence, sec. 18; 38 Cyc. 1382. To hold the objection sufficient as made, would cast an unreasonable burden upon the court in a protracted trial. It has been aptly said: "Certainly it is not fair to allow such a general dragnet as 'incompetent, irrelevant, and immaterial' to be cast over every bit of evidence in the case which counsel would like to keep out, and then to permit counsel, upon careful analysis of the printed narrative of the trial, to formulate some specification of error not thought of at the time, and which, if seasonably called to the court's attention, might have been avoided or corrected." *Sigafus v. Porter*, 84 Fed. 430.

Finding no reversible error, the judgment is

AFFIRMED.