MORRIS KATLEMAN V. STATE OF NEBRASKA.

FILED DECEMBER 15, 1919. No. 21100.

1. **Criminal Law:** EVIDENCE: OTHER ACTS. "To make evidence of other acts available in a criminal prosecution, some use for it must be found as evidencing a conspiracy, knowledge, design, disposition, plan, or scheme, or other quality, which is of itself evidence bearing upon the particular act charged." *Clark v. State*, 102 Neb. 728.

2. ———: ———. The opinion of an expert as to the effect of the use of a narcotic on the credibility of a witness is not admissible in evidence.

3. ———: VERDICT: IMPEACHMENT. "Matters inhering in the verdict of a jury cannot afterward be attacked by affidavits of the jurors." *Iman v. Inkster*, 90 Neb. 704.

ERROR to the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Benjamin S. Baker*, for plaintiff in error.

*Clarence A. Davis, Attorney General, W. W. Slabaugh* and *A. V. Shotwell*, contra.

DEAN, J.

This is a companion case to *Neal v. State, ante*, p. 56, in which a decision rendered at this sitting affirms a judgment of conviction for a felony. Defendant Katleman was informed against jointly with McKenna, Jones and Neal. Both Katleman and Neal were given separate trials. The information charges that defendant "feloniously did procure, incite, abet and aid" W. J. McKenna and L. C. Jones in the "felonious stealing, taking, moving and driving away" of an automobile touring car, the property of C. J. Tamulewicz, of the value of $1,145. Defendant was convicted and prosecutes error.

Virgil Ott is a 17-year-old boy whose residence is at Wichita, Kansas. He testified that he was introduced to Katleman at Omaha, on Sunday, September 22, 1919, by a taxi-cab driver, and that he there told Katleman he had stolen a car at Hutchinson, Kansas, that he want-

ed to sell, to which Katleman replied that he would take care of the car for him. Ott said that on Monday following Katleman and Neal, both being present, bought the car from him for $75, and that, pursuant to their instruction, he took the car to Nebraska City and there delivered it to a designated garage. Defendant says that the testimony of Ott was prejudicial error because it did not "connect in any manner either McKenna or Jones with the transaction." He argues: "The general rule is that, on the prosecution for one crime, evidence which shows or tends to show the accused committed a crime independent of that for which he is being tried although a crime of the same sort, is inadmissible and reversible error.   *   *   *   We are not unmindful that there are exceptions to this rule."

The objection does not seem to be well founded. The scheme employed by defendant and Neal in obtaining and disposing of the Ott car was substantially the same general plan and scheme as that employed by Neal and defendant in obtaining and disposing of the Tamulewicz car and other stolen cars received from McKenna and Jones. On this point the court instructed the jury that defendant was "not on trial for any connection he may have had with the transaction involving the car from Hutchinson, Kansas," and that the evidence of Ott should be considered "only upon the question whether or not a conspiracy, design, plan or scheme existed to aid, abet or incite McKenna and Jones (mentioned in the information) to steal automobiles, and, if so, whether defendant Katleman had knowledge of such conspiracy, design, plan or scheme." We think the circumstances of the present case come within the rule announced in *Clark v. State,* 102 Neb. 728. To the same effect are: *St. Clair v. State,* 103 Neb. 125; *State v. Dobbins,* 152 Ia. 632; *State v. Monroe,* 142 Minn. 394.

L. C. Jones is one of the codefendants who pleaded guilty and voluntarily testified on the part of the state. Testimony was introduced tending to show that this wit-

ness was addicted to the use of morphine and other narcotics. Defendant assigns as error the court's refusal to permit expert testimony to establish the fact that the use of such drugs tends to render a person unreliable in his statements and generally untruthful. This assignment of error cannot be sustained. In *State v. King*, 88 Minn. 175, a like question was involved. The court aptly said: "Defendant offered to show on the trial that a witness called by the state was a confirmed user of opium, had been addicted to its use for years, and that such use renders the person unreliable in his statements and prone to falsehood. The evidence was excluded by the trial court, and the ruling is held not error. The witness was before the court and jury. His appearance, demeanor, and the manner in which he gave his testimony, whether straightforward and unequivocal, or in a manner indicating untruthfulness or an unbalanced mind, were sufficient from which his credibility could be determined."

In his motion for a new trial defendant charges that the verdict was rendered under the influence of passion and prejudice, and in support of his contention he offered the affidavits of certain of the jurors. "Matters inhering in the verdict of a jury cannot afterward be attacked by affidavits of the jurors." *Iman v. Inkster*, 90 Neb. 704. The evidence supports the verdict.

We do not find reversible error. The judgment is therefore

AFFIRMED.