JAMES O. SWOGGER V. STATE OF NEBRASKA. *

FILED JUNE 1, 1927.   No. 25509.

1. Criminal Law: WITNESSES: CREDIBILITY: QUESTIONS FOR JURY. In a prosecution for statutory rape, the credibility of prosecutrix and defendant as witnesses and the probative effect of their testimony are questions for the jury.
2. Rape: CORROBORATION OF PROSECUTRIX. In a prosecution for statutory rape, corroboration of prosecutrix may consist of circumstances and is not limited to the principal fact.
3. ———: ———. "In a prosecution for rape upon a female child

* Note—Reversed on rehearing, 116 Neb. ——.

Swogger v. State.

not previously unchaste, proof of facts and circumstances justifying a finding. independently of her own testimony, that accused had the opportunity and inclination to ravish her may be sufficient corroboration of direct and positive evidence by her that he did so." *Whetstone v. State*, 99 Neb. 469.

4. ――――: SUFFICIENCY OF EVIDENCE. In a prosecution for statutory rape, the testimony of prosecutrix and the corroboration outlined in the opinion *held* sufficient to sustain a verdict of guilty.

5. **Witnesses.** "Evidence which directly tends to disprove the facts to which a witness has testified is admissible in contradiction." *Heyen v. State*, 114 Neb. 783.

6. **Criminal Law:** WITNESSES: CROSS-EXAMINATION. In a prosecution for statutory rape, the extent to which the cross-examination of a witness for defendant may be pursued is largely in the discretion of the trial court and it is only for a prejudicial abuse thereof that a conviction will be reversed for a failure to limit the inquiry to proper bounds.

7. ――――: EVIDENCE OF OTHER OFFENSES. To the general rule of criminal law that evidence of a felony not charged is inadmissible, an exception for the purpose of showing criminal intent permits proof that accused in a prosecution for statutory rape had criminal relations with prosecutrix on other occasions closely related in time to the principal offense.

8. ――――: ――――. "In the prosecution of a party for rape upon a female child under the age of consent, testimony as to improper conduct on the part of the defendant, at other times than that charged, with the same child and of the same character named and set out in the information is properly received." *Evers v. State*, 84 Neb. 708.

ERROR to the district court for Thayer county: ROBERT M. PROUDFIT, JUDGE. *Affirmed.*

*J. T. McCuistion, Herman G. Schroeder* and *J. W. James,* for plaintiff in error.

*O. S. Spillman, Attorney General, Lloyd Dort* and *Walter C. Weiss, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON and EBERLY, JJ.

Swogger v. State.

ROSE, J.

In the district court for Thayer county defendant was convicted of rape as defined by statute, and for that offense was sentenced to serve a term of seven years in the penitentiary. As plaintiff in error he presents for review the record of his conviction.

The principal question raised is the sufficiency of the evidence to sustain the verdict of guilty. It is argued by defendant that there is no proof corroborating testimony by prosecutrix that defendant committed the felonious act charged. The assignments of error under this head and the questions presented in behalf of defendant require consideration of the evidence in detail, covering as it does over 300 pages of the record, but in the opinion references to the testimony and the deductions therefrom must necessarily be brief.

According to evidence adduced by the state, the felony charged was committed by defendant January 25, 1926. From August, 1925, to March, 1926, prosecutrix, a member of a family named "Leach," made her home with her parents, two sisters and four brothers on a Thayer county farm managed by defendant. During the interim the Leach family resided in one of two houses on the farm mentioned and defendant occupied the other for a considerable portion of that period. The father of prosecutrix and her oldest brother were in the employ of defendant, working on the farm, each receiving stipulated wages. Defendant was frequently in the Leach home and there mingled with the members of the Leach family. Prosecutrix was 15 years of age December 21, 1925. She was therefore 35 days older January 25, 1926, the date of the alleged offense. She testified positively to facts showing that the felony charged was committed on the latter date in the kitchen of her home between 8 and 11 o'clock at night and that she was not previously unchaste. On the issue of previous chastity her testimony is uncontradicted. Defendant admitted he was in her home between those hours and that he was momentarily alone with her in the kitchen while getting a drink of water in

the meantime, but he testified emphatically that he was not guilty of the offense charged.  He testified also that he was 58 years of age at the time of the trial—April 26-28, 1926. The credibility of prosecutrix and defendant as witnesses and the probative effect of their testimony were questions for the jury.  Prosecutrix told a convincing story and her testimony was not weakened by cross-examination.  The verdict of guilty shows that she was believed by the jury. Was she corroborated?

Corroboration may consist of circumstances and is not limited to the principal fact.  In the present instance the circumstances must be tested by the following rule:

"In a prosecution for rape upon a female child not previously unchaste, proof of facts and circumstances justifying a finding, independently of her own testimony, that accused had the opportunity and the inclination to ravish her may be sufficient corroboration of direct and positive evidence by her that he did so."  *Whetstone v. State,* 99 Neb. 469; *Dawson v. State,* 96 Neb. 777.

Independently of the testimony of prosecutrix, the jury had before them evidence of the following facts and circumstances:  During the months of October and November, 1925, defendant showed and expressed an attachment for prosecutrix.  He was a married man.  His wife was absent from him most of that time.  He sued her for a divorce and the action was pending.  He told witnesses not related to the Leach family that prosecutrix was to be his wife as soon as he got his present wife off his hands.  He said that a seamstress to whom he spoke would make his next wife's wedding dress.  He stated to another witness that his next wife would be prosecutrix.  November 6, 1925, he was seen on a cot in the Leach home with his arms around prosecutrix when the two were alone in a room.  The same day he started with her alone to Fairbury.  At another time he was observed kissing her with both arms around her.  He admitted on cross-examination that while alone with her he had made three trips by automobile to Deshler and two to

Hebron, distances of several miles. For one trip at least she missed school. Defendant admitted he was in the Leach home for two hours or more between 8 and 11 o'clock at night while all members of the Leach family, except prosecutrix, her mother and two little children, were absent in his automobile with his consent. That was the time and place of the felony charged. The mother was then ill. Her hearing was impaired by medicine. Her physician so testified. She and the two infants were not out of bed while her husband and those who accompanied him were away. There was a sitting room between the bed rooms and the kitchen. Except when momentarily attending the mother, prosecutrix and defendant were in the sitting room or the kitchen. There was ample corroborating evidence of his opportunity to commit the offense as she described it. Later she was examined by a physician. She had been ravished and the physician expressed the opinion that she was pregnant. There was no evidence contradicting testimony by her that she never had criminal conversation with any person except defendant. Being married, he was ineligible as an honorable suitor. A manly courtship was out of the question. From evidence of the nature outlined the jury were warranted in finding, independently of her testimony, that defendant's attitude and conduct showed an amorous disposition and an inclination to ravish her. Though he testified to innocent interpretations of his attitude and conduct, the jury were not compelled to accept his explanations in view of reasonable inferences of a different import. If circumstances and incidents of the character outlined do not amount to corroboration, malefactors who are inclined to commit this revolting crime may devise in advance the means of evading the law and of preventing just punishment. The conclusion is that the conviction should not be set aside either for insufficiency of direct evidence of guilt or for lack of corroborating evidence.

The cross-examination of defendant in relation to his suit against his wife for a divorce is challenged as erroneous. It is argued that the inquiry related to extraneous matter

and went beyond the bounds of proper cross-examination. Defendant testified in his own behalf that his suit for divorce was a ruse to bring his wife back to him. Counsel for the state asked him about the nature of the charges pleaded in his petition for a divorce and his answers indicated that he had made serious accusations against his wife, which tended to discredit the story of a ruse. The cross-examination on this subject conformed generally to the following rule:

"Evidence which directly tends to disprove the facts to which a witness has testified is admissible in contradiction." *Heyen v. State,* 114 Neb. 783.

The extent to which a cross-examination may be pursued is largely in the discretion of the trial court and it is only for a prejudicial abuse thereof that a conviction will be reversed for a failure to limit the inquiry to proper bounds. *Brown v. State,* 88 Neb. 411.

Under this assignment of error prejudice to defendant is not affirmatively shown.

One of the assignments of error is directed to the proposition that immaterial testimony of a different crime was admitted in rebuttal. The argument of defendant on this point does not disclose a sufficient reason for a reversal. Defendant testified he did not commit the act charged and adduced evidence that his reputation as a law-abiding citizen was good. One of the witnesses for prosecutrix was a married woman. She was the mother of seven children. With them and her husband she resided for a few weeks in the fall of 1925 on the farm managed by defendant. They made their home in the house not occupied by the Leach family. The witness was permitted to testify in effect on rebuttal that, late in October, 1925, while in her home, she was futilely pursued by defendant for an hour or more and subjected to indecent proposals. This, if true, occurred near the times when, according to the testimony of some of the witnesses, defendant gave undue attention to prosecutrix. The testimony challenged might have been admitted during the examination in chief to show a criminal intent

like that indicated by the felonious act to which prosecutrix testified.  The admissibility of evidence of other offenses to show criminal intent in a prosecution for statutory rape is one of the exceptions to the general rule excluding evidence of felonies not charged.  In applying an exception for the purpose of showing criminal intent in a prosecution for arson the following rule was adopted:

"Where a person is charged with the commission of a specific crime, testimony may be received of other similar acts, committed about the same time, for the purpose only of establishing the criminal intent of the accused." *Knights v. State,* 58 Neb. 225.

Exceptions to the general rule apply also to forgery and burglary.  *Taylor v. State,* 114 Neb. 257; *Welter v. State,* 112 Neb. 22.  In a prosecution for statutory rape, exceptions to the general rule go further than proof of criminal intent and permit in corroboration of prosecutrix evidence that accused had similar criminal relations with her at other times.  *Woodruff v. State,* 72 Neb. 815; *Leedom v. State,* 81 Neb. 585.

In the present case prejudice because the story indicating criminal intent came out in rebuttal was not shown. Defendant took advantage of the opportunity to contradict that testimony.

It is argued further that the trial court misdirected the jury.  The information contained three counts.  The first is the one already considered. The second and third charged subsequent acts like that described in the first, all in Thayer county, the victim being the same in each instance. The respective dates of the second and third offenses charged were January 30, 1926, and February 16, 1926. One of the instructions contained the charge in each count and a later instruction directed:

"If you are satisfied from the consideration of all the evidence beyond a reasonable doubt that the defendant is guilty as to any one of said counts, your verdict must then be guilty as to the said count concerning which you are so agreed, and not guilty as to the other two counts."

In this condition of the record the jury brought in a verdict of guilty on each of the three counts, but the trial court refused to accept it and sent them back to the jury room with a direction to observe the instruction quoted. Later the jury returned with a verdict of guilty on the first count and not guilty on the others. The latter verdict was the one under which defendant was sentenced. The procedure described did not prejudice defendant. Evidence that he perpetrated the second and third acts was admissible in proving the first. At the trial there was evidence of each of the three offenses. The following principle of criminal law is well settled:

"In the prosecution of a party for rape upon a female child under the age of consent, testimony as to improper conduct on the part of the defendant, at other times than that charged, with the same child and of the same character named and set out in the information is properly received." *Evers v. State,* 84 Neb. 708. *Leedom v. State,* 81 Neb. 585.

The second and third counts warned defendant that evidence of each offense charged would be offered against him. He had time to prepare for his defense. If the instruction quoted was inconsistent with the one containing the three accusations, the error was in his favor and prevented conviction for three offenses instead of one. The record has been searched from beginning to end without finding a reversible error.

AFFIRMED.