HERSCHELL H. MASON V. STATE OF NEBRASKA.

270 N. W. 661

FILED JANUARY 5, 1937. No. 29861.

C. E. *Walsh*, for plaintiff in error.

*William H. Wright, Attorney General*, and *Paul P. Chaney, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and RAPER, District Judge.

GOOD, J.

Herschell H. Mason, plaintiff in error (hereinafter called defendant), was convicted in the district court for Douglas county of the offense of obtaining, by false pretenses, goods, wares and merchandise with the intent to defraud, and was sentenced to a term of five years in the state penitentiary. He brings the record of his conviction to this court for review.

The information charged that defendant represented himself to be Ralph F. Chambers, and that he had established a regular and permanent grocery business at 1428 Military avenue, in Omaha, Nebraska; that said representations were false and fraudulent, and that by such representation he obtained merchandise of the value of $70.

While many errors are assigned, only a few were argued. Only those argued will be considered. "Errors assigned but not argued will be considered as waived." *Sweet v. State*, 75 Neb. 263, 106 N. W. 31.

Complaint is made of alleged misconduct of the county attorney in his opening statement to the jury. The only record of statements made by the county attorney is contained in the objections of counsel for defendant and his motion to declare a mistrial and discharge the jury. Whatever statements were made by the county attorney, they were not taken by the reporter and incorporated in the record. The statements of counsel in his objections and motion were not under oath, and, in overruling the motion, the court, who had heard the remarks of counsel, may not have deemed the statements of counsel for defendant as fairly reflecting the facts. It is a rule that error is never presumed. To be available to the complaining party, error must affirmatively appear. Where misconduct of counsel is relied upon as ground for reversal, such misconduct must be shown by the record and must be prejudicial to the rights of the complaining party. Judgment in a criminal action will not be reversed for error as to any matter

of procedure, if this court, after an examination of the entire cause, shall consider that no miscarriage of justice has actually occurred. Comp. St. 1929, sec. 29-2308. This statutory rule has been applied in *Baker v. State,* 109 Neb. 558, 191 N. W. 666, and *Melcher v. State,* 109 Neb. 865, 192 N. W. 502. The record does not disclose prejudicial error with respect to misconduct of the county attorney.

Defendant was charged in the information under the name of Herschell H. Mason, alias Ralph F. Chambers, alias H. Macey, alias H. C. Mayson, alias C. W. Horn. When the case was called for trial and before the introduction of evidence, defendant moved the court to strike from the information the alias names of H. Macey, H. C. Mayson, and C. W. Horn. The motion was denied. Defendant assigns error. At the time this motion was presented, the court could not know nor anticipate what the evidence would be and, we think, properly overruled the motion. While the record does disclose that the defendant used at least one alias, that of Ralph F. Chambers, it does not disclose that the other alias names were used by the defendant. If defendant desired to have the other alias names stricken from the information, the motion should have been presented after the evidence was taken.

During the trial the witness Wilson, on cross-examination, was asked whether any effort had been made to collect from Mr. Mason or Mr. Chambers. He answered: "We didn't ourselves, we turned it over to an association here in town to proceed." Defendant then offered in evidence an authenticated copy of an affidavit for attachment which had been filed in a Missouri court, on the theory that it tended to contradict and discredit the witness. Objections to the offer were sustained. The affidavit does not appear to have been sworn to by Wilson, nor is it disclosed that he had any knowledge or information concerning the affidavit for attachment, or that an action had been commenced in Missouri. The proffered evidence did not tend to impeach or discredit the witness. The objection to the exhibit was properly sustained.

Defendant complains that he was unduly restricted in the cross-examination of the state's witnesses. The defendant in a criminal action, as a rule, is allowed a fairly wide latitude in cross-examining the state's witnesses, but the extent of such cross-examination is committed to the sound discretion of the trial court. We have carefully examined the entire record and find no abuse of such discretion. Defendant's right of cross-examination does not appear to have been unduly restricted.

Complaint is made of the introduction in evidence, on the part of the state, of similar acts committed by the defendant at practically the same time and place as that complained of in the information.

In *Davis v. State*, 58 Neb. 465, 466, 78 N..W. 930, 931, it was said: "The general rule is that evidence of the commission or attempt to commit a crime similar to the one charged is inadmissible. * * * But an exception has been quite uniformly made in trials of some charges, of which is the one in the case at bar, where it is necessary to show the intent or guilty knowledge of the accused." Other cases announcing the same rule are: *Knights v. State*, 58 Neb. 225, 78 N. W. 508; *Burlingim v. State*, 61 Neb. 276, 85 N. W. 76; *Goldsberry v. State*, 66 Neb. 312, 92 N. W. 906; *State v. Sparks*, 79 Neb. 504, 113 N. W. 154; *State v. Routzahn*, 81 Neb. 133, 115 N. W. 759; *Cohoe v. State*, 82 Neb. 744, 118 N. W. 1088; *Evers v. State*, 84 Neb. 708, 121 N. W. 1005; *Clark v. State*, 102 Neb. 728, 169 N. W. 271; *St. Clair v. State*, 103 Neb. 125, 169 N. W. 554; *Neal v. State*, 104 Neb. 56, 175 N. W. 669; *Katleman v. State*, 104 Neb. 62, 175 N. W. 671; *Welter v. State*, 112 Neb. 22, 198 N. W. 171; *Taylor v. State*, 114 Neb. 257, 207 N. W. 207; *Swogger v. State*, 115 Neb. 621, 214 N. W. 70.

Defendant insists that the evidence was insufficient to sustain the verdict, in that it was not sufficient to show criminal intent, or that the representations related to a past or present existing fact. The following is reflected by the record:

Late in September, 1935, defendant opened a grocery

store at 1428 Military avenue, in Omaha, under the name of Chambers Grocery. He made statements to Dun & Bradstreet, reporting agency, in which he represented that his name was Ralph F. Chambers and that he was establishing a permanent grocery business. He soon got in touch with the wholesale houses in Omaha and Council Bluffs, and between the 2d day of October and the 19th of the same month, in 1935, he obtained goods, wares and merchandise, for which he has not paid, as follows:

| | |
|---|---:|
| Nebraska & Iowa Wholesale Grocery Company | $ 78.51 |
| Dold & Company | 464.31 |
| Cudahy Packing Company | 129.13 |
| Groneweg & Schoentgen Company | 454.71 |
| Armour & Company | 214.82 |
| J. Robinson Fruit Company | 137.95 |
| Omaha Flour Mills | 79.88 |

It appears that defendant's first orders from these houses were for small amounts which he paid promptly, and that he then gave increased orders, the heavier orders being given from the middle to the 19th of October. On the night of the 19th defendant closed his store, and he and all of his clerks, who had been obtained from Kansas City, Missouri, left in the night. The stock of merchandise that was left in the store was very greatly depleted. The receipts from the business had mostly disappeared with the defendant. It appears that defendant's full and real name was Herschell H. Mason; that he had previously operated a number of grocery stores in and about Kansas City, and had been adjudged a bankrupt; that he had adopted the name of Chambers, because it would facilitate his obtaining credit.

From the entire record it clearly appears that defendant opened his store with intent of obtaining goods, wares and merchandise, converting them into money, and departing with the proceeds; that he harbored the intent to cheat and defraud at the time he purchased the merchandise; that he knowingly gave a false name, in order to obtain credit in purchasing the merchandise. We think the evi-

dence fairly shows that defendant had no intention of establishing a permanent grocery business, but only to run it long enough to obtain merchandise which he could convert into money for his own use. He misrepresented his name, with the design of obtaining credit, since he knew, as the evidence shows, that if he disclosed his true name, the fact that he had been adjudged a bankrupt would seriously impair his opportunity to obtain credit. The representations were false and made with respect to an existing fact, and the evidence of intent is established. The evidence is ample to sustain the verdict.

Defendant further asserts that the name of Chambers was not a fictitious name. It is true that he had rather closely associated with him in the transaction a man by the name of Ralph F. Chambers. However, the name that he gave was not his own. It was false or fictitious, so far as the defendant was concerned. The complaint in this respect is without merit.

It is insisted that the sentence is excessive. In view of the record, showing not only that merchandise was obtained in this particular instance but in many others, as above indicated, in like manner, we are of the opinion that the sentence is none too severe.

Prejudicial error is not disclosed.

AFFIRMED.