GLEN AYRES V. STATE OF NEBRASKA.
294 N. W. 392

FILED OCTOBER 18, 1940. No. 30958.

*Thomas E. Dunbar,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Rush C. Clarke, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, MESSMORE and JOHNSEN, JJ.

SIMMONS, C. J.

The defendant was convicted of the crime of burglary and sentenced to serve a term of not less than one or more than two years in the reformatory for men.

On appeal he first presents the proposition that the verdict of the jury is not sustained by sufficient evidence. The record discloses that defendant was an habitue of a beer parlor operated on the main street in Nebraska City by Heinke and Beason. Defendant's home was on the second floor of a business building located in the same block and but a few feet from the beer parlor. On the night in question defend-

ant and others had been drinking and playing cards in the beer parlor. Beason, one Hoffman, and defendant were the last to leave the place, closing the building, turning out the lights, and locking the door about 1:30 a. m. The three walked together a short distance up the street and then separated, defendant proceeding alone, Beason and Hoffman turning into a side street. There appears to have been previous difficulty with the lock. Beason decided to return to make certain that the door was securely fastened. He and Hoffman returned, found that it could be opened without a key, again shut the door, and the two men went to Heinke's home, some two blocks away, aroused him, and the three returned to the parlor for the purpose of securely fastening the door.

They came to the parlor about 2:30 a. m. and found the door closed and the lights out. They opened the door, entered and found the defendant standing some distance inside the room, facing the door. Some cigarettes had been taken from the counter behind the bar, and several brands placed in two cartons which were on the bar. Beason had placed some coins in a sack and left them beneath a counter when he closed the place. This change was found in another location, removed from an outer sack.

The defendant testified that after he left Beason and Hoffman he had taken a short walk, gone to his apartment, prepared a sandwich and coffee; that, while eating, he had heard a car on the street, went down to investigate, found the door of the beer parlor open, walked in, and was there when Heinke, Beason, and Hoffman returned. He denied touching the cigarettes or the money and denied any unlawful breaking and intent. When asked that night to explain his presence, his only answer was, "What are you going to do about it?" When placed under arrest, he advised the officer, "I haven't done anything." Defendant gave no other reason or explanation to the jury upon his trial. The dispute in the evidence is as to the unlawful breaking and as to the felonious intent. These elements may be shown by direct or circumstantial evidence. *Young v. State,* 133 Neb.

644, 276 N. W. 387. The evidence is clearly sufficient to sustain the finding of guilt.

Defendant next complains of the admission of certain photographs of the interior of the beer parlor taken some days after the night in question. These pictures show Heinke standing behind the bar. Defendant contends that "this was like admitting the prosecuting witness into the jury room" and was "liable to arouse the sympathies or prejudices of the jury." Clearly the purpose of the pictures was to show the jury the physical features of the interior of the building. Heinke testified for the state. The jury obviously had a better view of him on the witness-stand than they did in the picture. Prejudicial error in the admission of the photographs is not found.

Defendant complains of alleged prejudicial remarks of the court and county attorney. Defendant had by cross-examination disclosed that Heinke had spent the night before the trial "in the courthouse" and that "state liquor agents" had brought him there. Upon examination by the county attorney Heinke testified that a warrant had not been served upon him. The county attorney then asked, "If a complaint is filed against you and a warrant is issued against you for the violation of any infringment of the liquor law, and that complaint charges you with a crime of which you are guilty, you will plead guilty, won't you?" Defendant objected that it did not go to "his credibility." The court remarked, "That would be hard on the legal profession, wouldn't it?" The county attorney said, "Most of the guilty do plead guilty, I will grant you that." The question was not answered. The defendant made no objection to the remarks and asked for no cautionary instruction to the jury. Conceding for this purpose that the question should not have been asked, nor the remarks made, prejudicial error is not apparent.

Defendant complains that the court unduly limited his right of cross-examination of a witness, and made improper remarks in so doing. Defendant was cross-examining the witness Beason with reference to the calling of the police as

to how and where it was done, how long they were in coming, how they were dressed, whether armed, if they were in the courtroom, etc. The court on its own motion said, "I don't see the materiality of these questions." The defendant's counsel said: "It is cross-examination. I am just trying to make a record." The court said, "We are spending an awful lot of time. Let's go along." Defendant made no request for a cautionary instruction. The court's remarks seem to have been well timed. No prejudicial error is shown.

Defendant complains that the court should have instructed the jury not only as to the elements of the crime of burglary, but also should have instructed them as to the statutory penalty, and that he thereby denied to the jury the right to know that the defendant could receive a jail sentence. "There is * * * no merit to this contention. It was the business of the jury to determine from the evidence whether the defendant was guilty or innocent; they had no other duty or function to perform and they could not have been aided in reaching a right conclusion by knowing what penalty the law annexed to the crime. 'Where the jury are not required to fix the punishment in a criminal prosecution, it is not error to refuse to instruct them as to the penalty.' Ford v. State, 46 Neb. 390." Edwards v. State, 69 Neb. 386, 95 N. W. 1038.

The jury voluntarily attached to their verdict a separate sheet upon which appeared the following language: "The jury recommends a light sentence." Defendant contends that the sentence of the court was excessive in view of the recommended leniency. The penalty was for the trial court and not the jury to determine. The statute places no duty upon the jury in that regard. Section 29-2308, Comp. St. 1929, provides: "In all criminal cases that now are, or may hereafter be pending in the supreme court on error, the said court may reduce the sentence rendered by the district court against the accused, when in their opinion the sentence is excessive, and it shall be the duty of said supreme court to render such sentence against the accused as in their opinion may be warranted by the evidence."

It is our opinion that the sentence rendered by the trial court is not excessive and that prejudicial error is not shown to have occurred.

AFFIRMED.