EDDIE VERN FULLERTON, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.
29 N. W. 2d 618

Filed November 7, 1947. No. 32295.

*Morrison & Hanson,* for plaintiff in error.

*Walter R. Johnson,* Attorney General, and *Leslie Boslaugh,* for defendant in error.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and THOMSEN, District Judge.

WENKE, J.

Defendant was convicted on an information charging that he did forcibly break and enter a motor vehicle with the intent to steal therefrom property of value contained within the motor vehicle. He brings proceedings in error to reverse his conviction.

Section 28-531.02, R. S. 1943, provides in part: "Every person who shall break and enter, or enter without breaking, at any time, any motor vehicle, with intent to commit the crime of larceny, shall be deemed guilty of a felony, * * *."

The first question raised is whether or not the evidence is sufficient to sustain the verdict.

There is evidence in the record which shows that about 9 a. m. on October 4, 1946, Gene Price, a resident of Wichita, Kansas, parked his Ford coach in a vacant lot back of the Stramel liquor store in McCook, Nebraska; that he had in the car a suitcase containing his personal effects. After parking he went into the liquor store where he stayed for about twenty minutes.

He then returned to his car and noticed the suitcase and its contents were missing. Apparently he immediately notified the police.

Two police officers arrived immediately. Upon inquiry they were informed by J. E. Anderson, the manager of the Coca-Cola Bottling Works which is located just west of the vacant lot, that shortly after 9 a. m. he had observed two men, whom he described, fooling around the car parked in the vacant lot back of Stramel's liquor store and that they seemed to be looking into the car. Price's car was the only one parked in the vacant lot at that time.

Within the hour the police officers picked up the defendant and another man by the name of Ingram in the east part of the railroad yards located in McCook. The railroad passes along just south of A Street which is the street immediately south of the vacant lot. At the time he was apprehended the defendant was just finishing putting on his shoes and was wearing a pair of trousers and a pair of socks taken from Price's suitcase. Other of Price's personal effects were found in the possession of defendant and Ingram.

Both defendant and Ingram were then taken to the place where Anderson worked and he identified them as the men he saw walking around and looking into the Price car. Defendant told the authorities that Ingram had given him the clothing which was found in his possession.

Defendant offered evidence to show that at the preliminary hearing Ingram admitted to the authorities he had taken the suitcase and given defendant a part of its contents. However, he also stated at that time that Fullerton was present when he took the suitcase. We find the circumstantial evidence clearly sufficient to sustain the verdict of the jury. See Williams v. State, 91 Neb. 605, 136 N. W. 1011; Browne v. State, 115 Neb. 225, 212 N. W. 426; Ayres v. State, 138 Neb. 604, 294 N. W. 392.

Defendant further contends that there is a fatal variance between the information and the proof as to the identification of the car. The information describes the car as a "1939 Ford Tudor Sedan Model, Motor No. A-204276." Price described the car he parked back of the Stramel liquor store as a "1939 V-8 Ford coach."

Under the provisions of section 28-531.02, R. S. 1943, hereinbefore set forth, the detailed and specific description of the motor vehicle involved is not an essential element of the offense. The statute relates to "any motor vehicle." The gist of the offense, as defined in the statute, is the breaking and entering, or entering without breaking, of a motor vehicle with intent to commit the crime of larceny. The number on the engine of the motor vehicle is not an essential element of the crime. Neither is it descriptive of the offense nor is it material to the jurisdiction. Such allegations are immaterial save for the purpose of identifying the car. Sedlacek v. State, 147 Neb. 834, 25 N. W. 2d 533.

Defendant cites authorities from other jurisdictions to the effect that when averments of this character are made in the information, although unnecessary, it then becomes necessary for the State to prove them.

We do not think that is the correct rule nor the rule in this state. Crimes are established by statute and in prosecuting a violation thereof it is necessary for the information to allege and the State must prove those elements which are essential to constitute the crime. The fact that the information includes nonessential matters does not make the proof thereof necessary and they need not be submitted to the jury. However, if they are submitted no error arises by reason thereof for the defendant cannot complain if a greater burden is placed upon the State than the statute requires.

As stated in Foreman v. State, 201 Ind. 224, 167 N. E. 125: "The statement in the affidavit giving the number of the engine of the Ford sedan was not descriptive of the offense and not material to the jurisdiction, and may

be treated as surplusage." · The court went on to say: "The general rule is that it is sufficient if the substance of the issue is proved. The issue in this case is the unlawful transportation of intoxicating liquor in a vehicle. In applying this rule there is a distinction between allegations of matters of substance and allegations of matters of essential description of the offense. Any allegation which is descriptive of the identity of that which is legally essential to the offense charged in the indictment must be proved as made. But where a particular fact is made part of an allegation, which is not essentially descriptive of the offense or material to the jurisdiction, a discrepancy between the allegation and proof as to this fact is not a material variance. 1 Greenleaf, Evidence (Lewis's ed.) §§ 56, 65; United States v. Howard (1837), 3 Sumner 12; Commonwealth v. Brailey (1883), 134 Mass. 527."

Under comparable situations we have said that a variance between the allegations in the information and the evidence offered in proof thereof is not fatal unless it is material to the merits of the case or such as is prejudicial to the defendant. See Burlingim v. State, 61 Neb. 276, 85 N. W. 76; Goldsberry v. State, 66 Neb. 312, 92 N. W. 906; Carson v. State, 80 Neb. 619, 114 N. W. 938; and Balis v. State, 137 Neb. 835, 291 N. W. 477. While the evidence does not establish the motor number of Price's car we think it sufficiently and without conflict establishes that the car from which the suitcase was taken was owned by Price and that the defendant had no right to enter it.

The defendant further contends there was error in giving instruction No. 8 as it relates to the following paragraph thereof, to wit: "That the said motor vehicle described in the first count of the information, which has been referred to in the testimony, was owned by one Gene Price; * * *."

As stated in Metz v. State, 46 Neb. 547, 65 N. W. 190: "It is error to give an instruction which assumes a con-

troverted material fact upon which there is a conflict of testimony." The record shows no conflict with reference to Price being the owner of the motor vehicle which he parked behind Stramel's liquor store on the morning of October 4, 1946.

As we have often said: "All instructions given should be considered in determining whether a particular instruction is prejudicial." Foreman v. State, 126 Neb. 619, 253 N. W. 898. Several other instructions given placed upon the State the burden of proving that the car entered belonged to Gene Price.

While it would have been better to have left out of the above quoted part of instruction No. 8 the language "which has been referred to in the testimony," we do not think, under the circumstances here, that it constitutes prejudicial error. We have often used the following language which is applicable here: "Where instructions, considered as a whole, state the law fully and correctly, error will not be predicated therein merely because a separate instruction, considered by itself, might be subject to criticism." Nanfito v. State, 136 Neb. 658, 287 N. W. 58.

None of defendant's contentions being tenable, we therefore affirm the conviction.

AFFIRMED.